United States Courts
Southern District of Texas
FILED

SEP 1 6 2005

Michael N. Milby, Clerk of Court

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CORNELIUS C. SULLIVAN, D.D.S<br>Plaintiff<br><br>v.<br><br>UNIVERSITY OF TEXAS HEALTH<br>SCIENCE CENTER AT HOUSTON DENTAL<br>BRANCH, PETER T. TRIOLO, JR., D.D.S.,<br>CATHERINE M. FLAITZ, D.D.S. , and<br>JAMES T. WILLERSON, M.D.,<br>Defendants | § C.A. No. _____<br>§<br>§ **H 05 -3254**<br>§<br>§<br>§ JURY TRIAL REQUESTED<br>§<br>§<br>§<br>§<br>§ |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, CORNELIUS C. SULLIVAN, D.D.S., Plaintiff, complaining of UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER AT HOUSTON DENTAL BRANCH, PETER T. TRIOLO, JR., D.D.S, CATHERINE M. FLAITZ, D.D.S., and JAMES T. WILLERSON, M.D., Defendants, and for cause of action would respectfully show this Court as follows:

### I. Jurisdiction

1. This cause of action is instituted under the Age Discrimination in Employment Act of 1967, as amended, (the "Act") 29 U.S.C. 621 *et seq.* and is based on 29 U.S.C. 623(A). Jurisdiction, therefore, attaches pursuant to 29 U.S.C. 626, 28 U.S.C. 1331 and under 28 U.S.C. 2201.

## II. Nature of Proceeding

2. This is a proceeding for (a) back pay; (b) forward pay; (c) liquidated damages; (d) declaratory judgment; (e) injunctive and affirmative relief requiring, *inter alia,* that the Defendants reinstate the Plaintiff; (f) punitive damages and compensatory damages as may be provided pursuant to state law; (g) counsel fees; and (h) such other relief as may be necessary to secure to Plaintiff the right hereafter to be free of employment discrimination on account of age. This Court has jurisdiction over Plaintiff's state law causes of action.

## III. Parties

3. Plaintiff, CORNELIUS C. SULLIVAN, D.D.S., is a male citizen, age 65, residing in Houston, Harris County, Texas. At all times material to this action, CORNELIUS C. SULLIVAN, D.D.S. was employed by Defendant UTHSCHDB as a Clinical Associate Professor in the Department of Restorative Dentistry and Oral Biomaterials.

4. Defendant UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER AT HOUSTON DENTAL BRANCH ("UTHSCHDB") is a dental school program in Houston, Texas. The Defendant is an "employer" within the meaning of the Act. Defendants PETER T. TRIOLO, JR., D.D.S, CATHERINE M. FLAITZ, D.D.S., and JAMES T. WILLERSON, M.D., all held administrative positions with Defendant UTHSCHDB at the time of Plaintiff's wrongful termination. Venue lies in the Southern District of Texas under 28 U.S.C. 1391(c).

## IV. Plaintiff's Discrimination Claims

5. Plaintiff, CORNELIUS C. SULLIVAN, D.D.S., was employed by Defendant UTHSCHDB on November 1st, 1989 as Associate Professor of the General Practice

Department. When Plaintiff was terminated on August 31, 2004, he had an appointment as a Clinical Associate Professor in the Department of Restorative Dentistry and Oral Biomaterials.

6. Plaintiff enjoys excellent physical and mental health and strength, more than sufficient to perform his job duties.

7. On June 24th, 2003, Defendant CATHERINE M. FLAITZ, D.D.S. sent a letter to Defendant JAMES T. WILLERSON, M.D., informing Dr. Willerson that the Plaintiff would be reduced "to part-time after fiscal 2003." Defendant UTHSCHDB's fiscal year runs from September 1st, through August 31st, of the years involved. Therefore, the Defendants reduced Plaintiff's employment, without his consent, to part-time status effective September 1st, 2003 through August 31st, 2004, when he was terminated. This action by Defendants was taken to circumvent the requirement in the University of Texas Regent's Rules that full-time faculty be given a year's notice prior to termination. Because the Plaintiff was a part-time faculty member between September 1st, 2003 and August 31st, 2004, Defendants were able to terminate Plaintiff, as stated in the July 29th, 2004 termination letter by Defendant JAMES T. WILLERSON, M.D., without giving Plaintiff a year's prior notice.

8. These actions by Defendants demonstrate a pattern of discriminatory acts intended to deny Plaintiff proper notice and due process, and did in fact violate Plaintiff's rights. These acts and conduct on the part of Defendants are in derogation of Plaintiff's rights to due process of law and to the equal protection of the laws guaranteed by the Fourteenth Amendment to the Constitution of the United States and by Article 1, § 3 and § 19 of the Constitution of the State of Texas.

9. On August 15, 2003, Defendant PETER T. TRIOLO, JR., D.D.S., Associate Professor and Chair, Department of Restorative Dentistry and Biomaterials, wrote to Defendant UTHSCHDB's Faculty Appointment, Promotion and Tenure Committee, concerning his reasons for requesting a negative review of Plaintiff's 6-year performance review. The review by the FAPT Committee was detailed in a letter by Defendant CATHERINE M. FLAITZ, D.D.S., then Interim Dean and Professor at Defendant UTHSCHDB, dated October 10, 2003. The letter was sent to Defendant PETER T. TRIOLO, JR., D.D.S., and to the Plaintiff, and others. The letter stated that the review of the Plaintiff's performance by that committee, "conducted according to the guidelines instituted by The University of Texas Health Science Center at Houston," resulted in the Plaintiff receiving the best level of performance, "satisfactory review." At the time of his "satisfactory review," Plaintiff was 63 years old and had been an Associate Professor at Defendant UTHSCHDB for almost 14 years (November 1st, 1989 to October 10th, 2003).

10. On July 21st, 2004, Plaintiff CORNELIUS C. SULLIVAN, D.D.S. was notified by Defendant CATHERINE M. FLAITZ, D.D.S., Dean at Defendant UTHSCHDB, that his faculty appointment was not being renewed. On July 29th, 2004, Plaintiff CORNELIUS C. SULLIVAN, D.D.S. was notified by Defendant JAMES T. WILLERSON, M.D., that Plaintiff's faculty appointment at Defendant UTHSCHDB would end involuntarily August 31st, 2004.

11. Plaintiff was licensed on June 18th, 1968 by the Texas State Board of Dental Examiners, and since that date has had no disciplinary actions taken against him by that board, or any other entity. Plaintiff was in continuous private practice from the date of his licensure in 1968 until the date of his employment by Defendant UTHSCHDB in

1989. Plaintiff is still currently licensed by the Texas State Board of Dental Examiners under License No. 08853.

12. At all relevant times, Defendants JAMES T. WILLERSON, M.D., CATHERINE M. FLAITZ, D.D.S., PETER T. TRIOLO, JR., D.D.S., and the upper faculty hierarchy of Defendant UTHSCHDB participated in decisions regarding faculty positions of the level held by Plaintiff, and all participated in the wrongful termination of Plaintiff.

13. As a result of such termination, Plaintiff has lost his entitlement to certain significant salary and benefits.

14. Upon information and belief, Plaintiff was replaced by a person or persons under the age of forty (40) and who were each less qualified than Plaintiff for the faculty positions Plaintiff held.

15. Plaintiff was given conflicting reasons for non-renewal and termination. On August 12th, 2004, Plaintiff was informed by Defendant PETER T. TRIOLO, JR., D.D.S., that his appointment would not be renewed due to "budget problems." On August 20th, 2004, Plaintiff was informed by Defendant CATHERINE M. FLAITZ, D.D.S., that his appointment would not be renewed due to Plaintiff's "inadequate performance." On October 15th, 2004, Defendant CATHERINE M. FLAITZ, D.D.S. wrote a letter responding to Plaintiff's request for a clarification of the reasons for his termination. Defendant CATHERINE M. FLAITZ, D.D.S. stated that "budget problems" and "inadequate performance" were "not separate issues but are ultimately tied together." In that letter, Defendant CATHERINE M. FLAITZ, D.D.S. clarified that Defendant PETER T. TRIOLO, JR., D.D.S. had "conducted a review of all faculty and staff in his department" and that he had "decided to release you in order to meet the departmental

budget." Defendant CATHERINE M. FLAITZ, D.D.S. also noted in her letter that Defendant PETER T. TRIOLO, JR., D.D.S.'s review indicated that since Plaintiff's "average evaluation score was one of the lowest in the department, he decided to release you in order to meet the departmental budget". Such evaluation by Defendant PETER T. TRIOLO, JR., D.D.S., which was accepted by Defendants CATHERINE M. FLAITZ, D.D.S., JAMES T. WILLERSON, M.D., and UTHSCHDB, was unsubstantiated and a pretext for Plaintiff's termination that was actually based on age discrimination.

16. Defendant UTHSCHDB's budgets are public information because it is a publicly-funded educational institution. The published Fiscal Year 2005 (September 1st, 2004 through August 31st, 2005) includes a listing for the Plaintiff, at a published salary rate equivalent to his part-time status. The published budget listing for the Plaintiff contradicts the Defendants' arguments that Plaintiff's termination was due to "budget problems," and evidences the pattern of discrimination against Plaintiff based on his age.

17. Plaintiff at all times material herein proved his industriousness, presented and represented himself in an orderly and respectful manner, and commanded and continues to command the respect of his colleagues and the student body of UTHSCHDB. Additionally, Plaintiff demonstrated his capacity and ability to perform all job tasks to which he was assigned. Plaintiff was awarded the John P. McGovern Outstanding Teacher Award for the UTHSCHDB (1990-91), and was nominee for three additional years (1989-90, 1993-94, 1994-95); Plaintiff was elected as Member of *Omicron Kappa Upsilon*, the National Faculty Honorary Dental Society (1998); Plaintiff received Dean's Teaching Excellence Awards (1992, 1993, 1996, 1998, 1999) up to the time Defendant PETER T. TRIOLO, JR. D.D.S. came to UTHSCHDB to be appointed chairman of the

6

Department of Restorative Dentistry and Biomaterials; Plaintiff received merit raises during his appointments; Plaintiff published eight articles in the Journal of the Greater Houston Dental Society during his employment at UTHSCHDB (3/95 to 12/03); Plaintiff mentored students in state and local clinical competitions resulting in awards to those students; Plaintiff taught continuing education clinical courses to licensed dentists; Plaintiff presented and judged clinical dentistry demonstrations at the local level (table clinics); Plaintiff assisted in summer clinic scheduling; voluntarily prepared student study aids for state board candidates and preceptors; Plaintiff facilitated the presentation of table clinics; and Plaintiff's instruction skills were in high demand. The peer recognition and student awards received by the Plaintiff during his employment at Defendant UTHSCHDB contradict Defendants' arguments that Plaintiff was terminated because of his "inadequate performance," and substantiate Plaintiff's claims that he was terminated because of Defendants' discrimination against him based on his age.

18. Plaintiff was never disciplined and never received any written reprimand from the Defendants for detrimental behavior or performance problems.

19. Defendants used the false and unsubstantiated allegations of detrimental behavior and performance problems as a pretext for unlawful discrimination on the basis of age in discharging Plaintiff.

20. Plaintiff had done an excellent job as a Clinical Associate Professor of the Department of Restorative Dentistry and Biomaterials. His skill in the mentoring and practical supervision was recognized by his appointment for the preceding 6 years as a Primary Bay Instructor in Defendant UTHSCHDB's 4th Year Clinic. The review of his

six years in that position resulted in Plaintiff achieving the highest score – "satisfactory" under Defendant UTHSCHDB's faculty review guidelines.

21. Plaintiff's employment was terminated in knowing or reckless disregard of the requirements of the ADEA.

22. The termination of Plaintiff's employment was based on age in violation of the ADEA. Said violation was willful within the meaning of the ADEA.

23. The manner in which Plaintiff was discharged denied him due process in violation of University guidelines. Such denial of due process constitutes a violation of his Constitutional rights and rights granted him under the University guidelines.

24. On information and belief, from September 1993 to present, Defendant UTHSCHDB has systematically discriminated on the basis of age with respect to the group of faculty members fifty (50) years of age or older with teaching appointments.

25. As a result of the actions of Defendants alleged here, Plaintiff has suffered and continues to suffer injury, with resulting monetary and other damages.

### V. Plaintiff's Defamation Claims

26. In the alternative to Plaintiff's claims of age discrimination, Plaintiff contends that the statements of Defendants FLAITZ, and TRIOLO, JR., regarding 1) Plaintiff's "inadequate performance" and 2) Plaintiff's evaluation score as "one of the lowest in the department," were defamatory and slanderous. Further, the statements made by Defendant TRIOLO, JR., in a letter dated August 15th, 2003, and sent to the Appointment, Promotion and Tenure Committee at Defendant UTHSCHDB, being statements that reflect a purported series of professional performance deficiencies by the Plaintiff, were also defamatory and slanderous. Such statements constitute slander *per se*

8

within the meaning of the common law for the reasons discussed below, each of which is pled in addition to Plaintiff's age discrimination claims.

27. Defendants' defamatory statements were placed into Plaintiff's file, and were read by decision-making members of the Department of Restorative Dentistry and Biomaterials, the Appointment, Promotion and Tenure Committee, and various other persons whose names are not known to Plaintiff.

28. Defendants' statements were slanderous *per se* because they had a tendency to injure Plaintiff in his profession as a teaching dentist.

29. Defendants' defamatory statements were entirely false. Plaintiff's conduct as a faculty member of the Dental School was exemplary and garnered him high praise from colleagues and students.

30. Defendants' defamatory statements were made in bad faith and with malice as said Defendants harbored ill will toward Plaintiff. Defendants' publication of slander *per se* was made with malice for the reason that it was made with the knowledge that it was false or with such utter recklessness as to indicate a disregard of the consequences and conscious indifference to the rights of Plaintiff.

31. As a direct and proximate result of Defendants' statements, which were slanderous *per se*, Plaintiff has suffered general damages to his reputation in a sum within the jurisdictional limits of this Court. He has also been made to endure shame, embarrassment, humiliation, mental pain and anguish, and loss of his job.

## VI. Prior Resort to Administrative Procedures

32. On or about April 28th, 2005, within the time prescribed by 29 U.S.C. 626(d) of the Act, Plaintiff, CORNELIUS C. SULLIVAN, D.D.S., by a written charge on his

9

behalf, filed a charge and complaint of age discrimination against Defendant UTHSCHDB with the Equal Employment Opportunity Commission ("EEOC").

33. In substance, said charge asserted that Defendant UTHSCHDB's employment practices regarding faculty constituted age discrimination against Plaintiff, CORNELIUS C. SULLIVAN, D.D.S., and all other persons similarly situated in that Defendant UTHSCHDB wrongfully and involuntarily terminated them from employment because of age. On or about the same date as the aforementioned EEOC charge was filed, the EEOC caused a copy of said charge to be filed with the Civil Rights Division of Texas Workforce Commission of the State of Texas.

34. The EEOC, pursuant to Section 7(d) of the ADEA, attempted resolution of the charge, but which charge now remains unresolved. The EEOC, therefore, served Plaintiff with written notice dated June 30th, 2005, of his right to sue.

## VII. Equity and Irreparable Injury

35. The actions of Defendants in denying Plaintiff continued employment are so entirely without evidentiary foundation, are without reason or basis, and are so arbitrary, capricious, and unfounded that Plaintiff is denied due process of law.

36. Plaintiff has no plain, adequate or complete remedy at law. This suit is Plaintiff's sole means of securing adequate redress. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendants' unlawful acts.

## VIII. Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that following trial of this cause this Court:

    a.    Adjudge and decree that Defendants have violated 29 U.S.C. §§ 623(a)(1), (a)(2), (d), and (i) and have done so willfully;

    b.    Issue a permanent injunction restraining Defendants from terminating Plaintiff's employment states solely by reason of his age and from hiring another to fill Plaintiff's position;

    c.    Issue a declaration of the Plaintiff's rights under the law;

    d.    Order Defendant UTHSCHDB to institute and carry out policies, practices and programs which provide equal employment opportunities for persons who are at least forty (40) years of age, and which eradicate the effects of its past and present unlawful employment practices;

    e.    Grant the affirmative relief of immediate reinstatement to his respective former position or position of comparable status with Defendant UTHSCHDB prior to termination, at the same or comparable rate of compensation and other benefits applicable to said position;

    f.    Following such reinstatement, grant the further affirmative relief of affording Plaintiff the same opportunities regarding job security and tenure as are available or applicable to employees who are at least 40 years of age and for such other affirmative relief as may be necessary to redress the effects of the Defendants' past age discriminatory activities;

    g.    Award Plaintiff the sum of $500.00 for each day that elapses until Plaintiff is employed by Defendant;

h.  Award against the named Defendants and in favor of the Plaintiff compensatory damages for mental anguish, personal suffering and professional embarrassment the sum of $1,000,000.00;

i.  Award counsel fees and costs of court;

j.  Award such other relief as may be necessary to secure to Plaintiff the right hereafter to be free of employment discrimination on account of age;

k.  Award general and special damages to Plaintiff to compensate him for the defamation of his character proximately caused by Defendants' slanderous statements.

Respectfully submitted,

*/s/ Robert O'Conor, Jr.*
ROBERT O'CONOR, JR. -15191000
Federal I.D. 6606
800 Bering, Suite 301
Houston, Texas 77057
(713) 227-7777/(713) 355-1416 FAX

ATTORNEYS FOR PLAINTIFF

OF COUNSEL:
ROBERT O'CONOR, JR., LAWYER
HELEN D. O'CONOR - 00797924
Federal I.D. 22520
800 Bering, Suite 301
Houston, Texas 77057
(713) 227-7777/(713) 355-1416 FAX

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Cornelius L. Sullivan, D.D.S.

### DEFENDANTS
Univ. Tx Health Sc. Ctr. Houston Dental Branch; Peter T. Triolo, Jr., D.D.S.; Catherine M. Flaits, D.D.S.; James T. Willerson, M.D.

**(b)** County of Residence of First Listed Plaintiff  **Harris**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  **Harris**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Robert O'Conor, Jr.   [Robert O'Conor, Jr. - LAWYER]
800 Bering Dr., Suite 301   Office: 713-227-7777
Houston, TX 7705702131   Fax: 713-355-1416

Attorneys (If Known)

**H 05 -3254**

United States Courts
Southern District of Texas
FILED
SEP 1 6 2005
Michael N. Milby, Clerk of Court

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity)
29 U.S.C. §621 et seq.

Brief description of cause:
Age Discrimination in Employment

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ Back Pay Reinsta

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions).    JUDGE _____    DOCKET NUMBER _____

DATE: September 16th, 2005

SIGNATURE OF ATTORNEY OF RECORD: *Robert O'Conor, Jr.*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG JUDGE _____